ROB BONTA
Attorney General of California
MAUREEN C. ONYEAGBAKO
Supervising Deputy Attorney General
MACKAYLA CLASS
JOSÉ PABLO GALÁN DE LA CRUZ
Deputy Attorney General
State Bar No. 339970
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3439
 Fax:  (415) 703-1234
 E-mail:  Pablo.Galan@doj.ca.gov
*Attorneys for Defendant-in-interpleader*
*Department of Health Care Services*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HOMELAND INSURANCE COMPANY OF NEW YORK,** | 3:25-cv-06266-LB |
| Plaintiff-in-interpleader, | **AUGUST 6, 2026 JOINT CASE-MANAGEMENT CONFERENCE STATEMENT** |
| v. | Date:        August 13, 2026<br>Time:        11:00 a.m.<br>Courtroom:  Courtroom B, 15th Floor<br>Judge:       Hon. Laurel Beeler<br>Trial Date:   Not Set<br>Action Filed: July 25, 2025 |
| **SAN FRANCISCO DEPARTMENT OF PUBLIC HEALTH; CALIFORNIA DEPARTMENT OF HEALTH CARE SERVICES, UNITED HEALTHCARE, INC., AND DAVID ALFREDO CENTENO BELTRAN, THROUGH HIS GUARDIAN AD LITEM, YOEL CENTENO,** | |
| Defendants-in-interpleader. | |

1

Pursuant to the Court's July 30, 2026 order (ECF No. 88), Defendants-in-interpleader Department of Health Care Services (DHCS); City & County of San Francisco (CCSF); and United HealthCare of Florida, Inc. (UHCF) (collectively, the Participating Parties) provide the following update to the Court:

The Participating Parties provide the following competing schedules for DHCS' early summary judgment motion, followed by their respective positions:

| Case Event | DHCS's Proposal | CCSF's and UHCF's Proposal |
|---|---|---|
| Filing Deadline for DHCS's Proposed Motion. | Thursday, October 8, 2026 | September 10, 2026<br><br>*Page limit: 12 pages* |
| CCSF and United's Opposition(s) to DHCS's Proposed Motion. | Thursday, October 22, 2026 | October 1, 2026<br><br>*Page limit: 12 pages collectively* |
| DHCS's Reply in Support of Proposed Motion. | Thursday, October 29, 2026 | October 8, 2026<br><br>*Page limit: 8 pages* |
| Hearing on DHCS's Proposed Motion. | Thursday, November 12, 2026 (or at a time convenient to the Court) | Thursday, October 15, 2026 (on Zoom due to counsel travel obligations) (or at a time convenient to the Court) |

***DHCS's Position***

1. DHCS's records indicate that Mr. David Alfredo Centeno Beltran's (David Centeno) medical treatment remains ongoing and, as such, DHCS continues to incur costs towards his treatment. On August 6, 2026, the date of this statement, counsel for Defendant-in-interpleader Yoel Centeno, David Centeno's guardian ad litem in this interpleader action (Yoel Centeno), stated he is amenable to meet and confer with the parties.

2. Based on the August 6, 2026 representations of Yoel Centeno's counsel, Yoel Centeno "has reached an agreement" with Plaintiff-in-interpleader Homeland Insurance Company of New York (Homeland) "'for loss of use and loss of wages.'" ECF No. 90 at 2. Yoel Centeno's counsel further represents that Homeland, through its counsel, intends "to prepare [a] proposed

2

release with final numbers for these damages[.]" *Id.*

3. As noted in the Participating Parties' July 23, 2026 joint CMC statement (ECF No. 87), DHCS does not consent to the dismissal of Yoel Centeno, for at least two reasons: (1) DHCS has a statutory right of recovery against Medicaid members for reimbursement of its lien for benefits provided *(see, e.g.,* Cal. Welf. & Inst. Code § 14124.71(a)); and (2) DHCS has an obligation under federal and state law to recover benefits paid on behalf of Medicaid beneficiaries. 42 U.S.C. § 1396a(a)(25); *see also* Cal. Welf. & Inst. Code, §§ 14124.70, § 14124.71(a).

4. Based on its statutory right of priority, DHCS anticipates filing a motion for summary judgment or, in the alternative, for summary adjudication to resolve its claim for recovery in this interpleader action under California Welfare and Institutions Code section 14124.70 *et seq.* (the Proposed Motion).

5. Considering the unavailability in late August and September of key DHCS personnel whose input is necessary to finalize the Proposed Motion, and counsel's other obligations, DHCS proposes the schedule above.

6. DHCS does not consent to CCSF's proposed page limits. *See* page 2, *supra*. The Court's standing order already establishes reasonable page limitations on summary-judgment practice. CCSF's proposed restriction is neither warranted nor appropriate, as it may unnecessarily restrict DHCS's ability to adequately present its claim.

### ***CCSF's Position***

7. The upcoming motion addresses a discrete legal issue—namely, whether DHCS is entitled to any funds from the Homeland Insurance $1,000,000 Medical Expense Reimbursement Benefit when CCSF and UnitedHealthcare incurred medical expenses far in excess of $1,000,000 prior to Medicaid covering any care. Resolution of this issue may facilitate settlement discussions and conserve judicial resources.

8. DHCS's proposal unnecessarily delays the case. Its opening brief would not be due until two months from now. And the proposed hearing date coincides with the Court's final day

3

of judicial service (November 12), suggesting a different judge would decide the motion. But even assuming the Court were to issue an order on its final day of service, there would not be time remaining in the schedule to notice any further motions by the last hearing date (December 10). *See* ECF No. 82. DHCS's proposal therefore would necessitate a schedule extension. All the while this case has been on file for more than a year and concerns medical care delivered beginning in early 2023.

9.      CCSF, therefore, proposes that briefing begin on September 10 with a hearing date in the middle of October. Given that the issue is straightforward, CCSF proposes that DHCS' opening brief be limited to 12 pages, CCSF and UnitedHealthcare file no more than 12 pages in response (whether in a single joint brief or in separate briefs), and DHCS's reply be limited to 8 pages. This proposed schedule still allows DHCS five weeks to prepare its motion.

10.      CCSF notes that it is willing to work around any of opposing DHCS's counsel's obligations, but DCHS's counsel has indicated that there is no room for negotiation. CCSF notes that it has already compromised. In the prior status report, CCSF and UnitedHealthcare proposed that DHCS' motion be due on August 20. *See* ECF No. 87 at 3:21. CCSF now proposes that DHCS' motion be due three weeks later (on September 10). CCSF respectfully suggests that the Court can choose one of the competing proposals (or fashion an intermediate schedule) and adjourn the upcoming status conference.

11.      Finally, as to Defendant-in-Interpleader Yoel Centeno, his attorney, Jeremy Winter, has been included on correspondence about this statement, yet he has remained unresponsive. At this point, Mr. Winter has failed to respond to multiple orders to show cause. Respectfully, Yoel Centeno should be dismissed from the case. In prior meet and confers, DHCS has been asked why it prefers that Mr. Centeno remain a party to this case, and it has not provided a straightforward answer. Ultimately, CCSF has never received any information suggesting that Yoel Centeno could make a colorable claim to the Medical Expense Reimbursement Benefit. It appears that Yoel Centeno's attorney, Mr. Winter, recognizes as much and therefore is entirely ignoring this matter. That Yoel Centeno may be negotiating a different settlement with Homeland

Insurance that is unrelated to the Medical Expense Reimbursement Benefit is irrelevant to this interpleader action.

### *UHCF's Position*

12.     UHCF joins in and adopts CCSF's position regarding the timing and scope of the briefing on DHCS's right to the interpleaded funds. DHCS represents that its right of recovery is established by state and federal statute, and UHCF is not aware of any factual dispute that would complicate that showing. A discrete question of statutory priority, resolved against a largely undisputed record, does not require the extended schedule DHCS proposes.

Dated: August 6, 2026                              OFFICE OF THE ATTORNEY GENERAL

By: */s/ José Pablo Galán de la Cruz*
José Pablo Galán de la Cruz
Deputy Attorney General

*Attorney for Defendant-in-interpleader*
*California Department of Health Care Services*

Dated: August 6, 2026                              SAN FRANCISCO CITY ATTORNEY'S OFFICE

By: */s/ Michael Levin-Gesundheit*
Michael Levin-Gesundheit
Deputy City Attorney

*Attorney for Defendant-in-interpleader*
*City & County of San Francisco*

Dated: August 6, 2026                              KOLB CLARE & ARNOLD, PSC

By: */s/ John D. Kolb*
John D. Kolb, Esq.

*Attorney for Defendant-in-interpleader*
*UnitedHealthcare of Florida, Inc.*

**ATTESTATION OF CONCURRENCE IN FILING**

Pursuant to Local Rule 5-1(i)(3), I hereby certify that I obtained concurrence in the filing of this document from each of the signatories.

Executed on August 6, 2026, in San Francisco, California.


*/s/ José Pablo Galán de la Cruz*

José Pablo Galán de la Cruz


SF2025803402

6

# CERTIFICATE OF SERVICE

Case Name:     **Homeland Insurance Co. v.**                    No.      **3:25-cv-06266-LB**
                        **DHCS, et al.**

I hereby certify that on <u>August 6, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**AUGUST 6, 2026 JOINT CASE-MANAGEMENT CONFERENCE STATEMENT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>August 6, 2026</u>, at Los Angeles, California.


| Valerie Thompson | /s/ *Valerie Thompson* |
|:---:|:---:|
| Declarant | Signature |

SF2025803402